IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION


JAMES DOUGLAS McKNIGHT                                    PETITIONER

VS.                          CIVIL ACTION NO. 5:17-cv-118(DCB)(JCG)

WARDEN BRIAN LADNER                                       RESPONDENT

ORDER ADOPTING REPORT AND RECOMMENDATION

     This cause is before the Court on the Petitioner James Douglas
McKnight ("McKnight")'s Petition under 28 U.S.C. § 2254 for a Writ
of Habeas Corpus by a Person in State Custody **(docket entry 1)**,
filed September 5, 2017.  McKnight also filed an Amended Petition
on October 10, 2017 **(docket entry 5)**.  The Petition and Amended
Petition challenge McKnight's 2013 conviction for murder and
possession of a firearm by a convicted felon.

     The Respondent, Warden Brian Ladner, filed an Answer to the
Amended Petition on March 9, 2018 (docket entry 10).  In a text
order of April 5, 2018, McKnight was granted an extension of time
to file a Reply to Warden Ladner's Answer.  On June 27, 2018,
McKnight moved for an additional extension of time (docket entry
13), and the Court granted the motion in a text order of June 28,
2018, extending the time for filing the Reply to July 30, 2018.

     On August 7, 2018, McKnight filed motions for further
additional time (docket entry 15), to amend his Petition (docket
entry 16), and to invoke discovery (docket entry 17).  The motion
for additional time was granted and the motion to amend petition

was denied; however, the petitioner was granted leave to file exhibits with his reply (text order of August 8, 2018). Warden Ladner filed his response to McKnight's motion to invoke discovery on August 21, 2018 (docket entry 19).

On September 6, 2018, McKnight filed a motion for extension of time to file a response/reply to the Respondent's Answer to McKnight's Amended Complaint. The motion was granted in part and denied in part (text order of September 7, 2018). On October 10, 2018, McKnight filed a motion to amend his Petition (docket entry 21). Warden Ladner filed a Response, submitting that McKnight's motion to amend had previously been granted to the extent that the Court allowed McKnight to supplement his petition with the exhibits attached to his motion to amend. In addition, the Respondent submitted that McKnight's remaining arguments raised in the motion to amend should be liberally construed as his traverse or reply to the Respondent's answer, and, as such, any motion to amend on those arguments should be denied given that the Court had allowed petitioner time to file his traverse.

Magistrate Judge John C. Gargiulo entered a text order on October 29, 2018, denying McKnight's Motion to Amend Petition for Writ of Habeas Corpus, but construing McKnight's exhibits 21-1 and 21-2 as his Reply to the Response to his Petition for Writ of Habeas Corpus for the Court's consideration. On February 11, 2019, the Magistrate Judge denied McKnight's motion to invoke discovery

(docket entry 23).

Magistrate Judge Gargiulo issued a Report and Recommendation **(docket entry 24)** recommending that the Petitioner's request for relief under § 2254 be denied on grounds that McKnight has not demonstrated that he is entitled to federal habeas relief.

Following the entry of the Report and Recommendation, McKnight filed a Motion to Alter or Amend Judgment **(docket entry 26)** and a Motion Objecting to Magistrate Judge's Report and Recommendation **(docket entry 27)**. On March 15, 2019, Warden Ladner filed a Response in Opposition to Petitioner's Motion to Alter and Amend **(docket entry 28)** and a Response to Petitioner's Objections to the Report and Recommendation **(docket entry 29)**. Petitioner McKnight filed a "Reply to Respondents' Response to Petitioner's Objections to Report and Recommendation on March 27, 2019 **(docket entry 30)**.

McKnight is a post-conviction inmate in the custody of the Mississippi Department of Corrections. After a jury trial in the Circuit Court of Pike County, Mississippi, he was convicted of murder and possession of a firearm by a convicted felon on June 13, 2013. He was sentenced as a habitual offender to life in prison without the possibility of parole on each conviction, with sentences to run consecutively. After his motions for judgment notwithstanding the verdict and for a new trial were denied, McKnight appealed, and the Mississippi Court of Appeals affirmed his conviction.

In his direct appeal to the Mississippi Court of Appeals, McKnight, who was represented by an attorney, raised seventeen issues. The State Court of Appeals found each of these to be without merit and affirmed McKnight's conviction. After his motion for rehearing was denied, McKnight, proceeding pro se, filed a Petition for Writ of Certiorari before the Mississippi Supreme Court raising three grounds for relief. The Mississippi Supreme Court denied McKnight's Petition on March 31, 2016. McKnight then filed a Motion for Post-Conviction Collateral Relief before the Mississippi Supreme Court on April 26, 2017, raising thirty-seven grounds for relief. The Mississippi Supreme Court found McKnight's claims of ineffective assistance of counsel to be without merit, and found that the other claims were procedurally barred.

On September 5, 2017, McKnight filed his 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus, then filed an Amended Petition on October 10, 2017, in which he raises thirty-eight grounds for relief.

Respondent Warden Ladner filed his Answer on March 9, 2018, alleging that McKnight did not exhaust ground 19, that grounds 3, 4, 9, 10, 28 and 32 rest on adequate state law grounds, that the remaining grounds for relief were decided on the merits in state court, and that the state court's decision was not an unreasonable application of federal law.

McKnight's Amended Petition of October 10, 2017, was denied by

the Court, but the Court also construed McKnight's attached exhibits (docket entries 21-1 and 21-2) as his Reply. McKnight makes additional arguments concerning Grounds 1, 2, 3, 4, 5, 6, 7, 8, 9, 11, 12, 13, 23, 35, and 39; however, he also states that the "Court may strike" Grounds 19 and 22; therefore, the Court will not consider those two Grounds.

Before considering the merits of a petition under 28 U.S.C. § 2254 for writ of habeas corpus, the Court must first determine if all procedural steps necessary to preserve each issue raised for federal review have been taken. First, the petition must be timely filed with the Court in compliance with 28 U.S.C. § 2244(d)(1). In this case, there is no challenge to the timeliness of the petition. Second, a writ of habeas corpus may not be granted unless it appears that a petitioner has exhausted all available state court remedies. See 28 U.S.C. § 2254(b)(1). To exhaust a federal constitutional claim, a petitioner must "fairly present" in state court both the operative facts and federal legal theory of his or her claim in a procedurally proper manner. O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1999).

As a matter of comity and federalism, federal courts generally may not review a state court's denial of a federal constitutional claim if the state court's decision rests on a state procedural ground that is independent of the federal question and adequate to support the judgment. Coleman v. Thompson, 501 U.S. 722, 729-30

(1991). "To qualify as an 'adequate' procedural ground, a state rule must be 'firmly established and regularly followed.'" Walker v. Martin, 562 U.S. 307, 316 (2011)(quoting Beard v. Kindler, 558 U.S. 53, 60-61 (2009)). A federal court may also find claims procedurally defaulted if the petitioner failed to present them in state court and "the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." Sones v. Hargett, 61 F.3d 410, 416 (5th Cir. 1995)(quoting Coleman, 501 U.S. at 735 n.1). Federal courts retain the power to consider the merits of a procedurally defaulted claim if the petitioner demonstrates legitimate cause for the failure to properly exhaust the claim in state court and prejudice from the alleged constitutional violation, or shows that a fundamental miscarriage of justice would result if the claim is not heard on the merits in federal court. See Schlup v. Delo, 513 U.S. 298, 324-27 (1995).

Substantively, the issue in a federal habeas proceeding is not whether there was an error in applying state law but whether there has been a denial of rights protected by the United States Constitution. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." Id. The federal courts do not function as super appellate courts over the states to review errors under state law and may not correct errors

of state law unless they also violate the constitutional rights of an accused. See Smith v. Phillips, 455 U.S. 209, 221 (1982); Mendiola v. Estelle, 635 F.2d 487, 491 (5th Cir. 1981).

Even in matters affecting constitutional rights, federal courts have a very limited scope of review. The Court's authority to grant relief to a person held in custody pursuant to a state judgment is narrowly circumscribed by 28 U.S.C. § 2254(d), which provides that a writ of habeas corpus shall not be granted unless the state court adjudication of the claim:

> 1. resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> 2. resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

As recently summarized by the Fifth Circuit Court of Appeals:

> Because "§ 2254(d)(1)'s 'contrary to' and 'unreasonable application' clauses have independent meaning," there are three ways a federal court can grant habeas relief: (1) if the state court decision was contrary to clearly established Supreme Court law; (2) if the state court decision involved an unreasonable application of clearly established Supreme Court law; or (3) if the state court decision was based on an unreasonable determination of the facts in light of the evidence presented. "AEDPA's standard is intentionally difficult to meet."

Poree v. Collins, 866 F.3d 235, 245 (5th Cir. 2017)(quoting Bell v. Cone, 535 U.S. 685, 694 (2002); Woods v. Donald, 135 S.Ct. 1372, 1376 (2015)). The state court's factual findings are presumed to be correct. The petitioner may rebut "the presumption of

correctness by clear and convincing evidence." 28 U.S.C. §
2254(e)(1).

Magistrate Judge Gargiulo begins by finding that Grounds 3, 4,
9, 10, 28, and 32 are procedurally barred, because when McKnight
raised them in his Motion for Post-Conviction Collateral Relief in
State Court, the Mississippi Supreme Court held that they were
procedurally barred from review under Miss. Code Ann. § 99-39-
21(1). That statute provides that a failure to raise claims at
trial and/or on direct appeal constitutes a waiver of those claims
and a procedural bar, unless the individual shows cause and actual
prejudice.

"Where a state prisoner has defaulted his federal claims in
state court pursuant to an independent and adequate state
procedural rule, this court may not review the prisoner's habeas
petition." Stokes v. Anderson, 123 F.3d 858, 859 (5th Cir. 1997)
(citing Coleman, 501 U.S. at 729). However, an exception exists if
the prisoner can "demonstrate cause for the default and actual
prejudice as a result of the alleged violation of federal law, or
demonstrate that failure to consider the claims will result in a
fundamental miscarriage of justice." Id.

Any such state procedural bar must be "firmly established and
regularly followed." Beard, 558 U.S. at 60-61 (internal quotations
omitted). The Fifth Circuit has previously held that Miss. Code
Ann. § 99-39-21(1) is "an independent and adequate state procedural

rule." <u>Stokes</u>, 123 F.3d at 861; <u>see also</u> <u>Nixon v. Epps</u>, 405 F.3d 318, 323 (5th Cir. 2005). McKnight "bears the burden of showing that the state did not strictly or regularly follow a procedural bar around the time of his direct appeal" and "must demonstrate that the state has failed to apply the procedural bar rule to claims identical or similar to those raised by the petitioner himself." <u>Stokes</u>, 123 F.3d at 860. McKnight does not address this issue; he merely argues that ineffective assistance of counsel satisfies the cause and prejudice requirements of the exception or, alternatively, failure to consider these claims would result in a fundamental miscarriage of justice (ECF No. 21-2 at 67-70).

Although McKnight repeatedly argues that he should be excused from his failure to raise these claims because he received ineffective assistance of counsel, McKnight does not address the fact that he filed his state <u>certiorari</u> petition while proceeding <u>pro</u> <u>se</u> and only raised three issues. Therefore, McKnight has not demonstrated sufficient cause to overcome the adequate state procedural bar, especially because the Mississippi Courts found his ineffective assistance of counsel claims to be without merit. <u>See</u> <u>Edwards v. Carpenter</u>, 529 U.S. 446, 450-54 (2000). Further, McKnight has not demonstrated that the failure to consider these claims will result in a fundamental miscarriage of justice, as he must "show that he has a colorable claim of factual innocence." <u>Shore v. Davis</u>, 845 F.3d 627, 633, n.4 (5th Cir. 2017)(citing

<u>Sawyer v. Whitley</u>, 505 U.S. 333, 339 (1992)). McKnight has not done so; therefore, Grounds 3, 4, 9, 10, 28, and 32 are procedurally barred.

As for McKnight's remaining grounds, the Respondent submits that these were decided on the merits in state court, and the state court's determinations were not an unreasonable application of the law. Grounds 1, 2, 5, 6, 7, 8, 11, 12, 14, 16, 17, 18, 20, 21, 23, 24, 25, 26, 29, 30, and 40 concern ineffective assistance of trial counsel. Grounds 13, 31, 33, 37, 39, and 41 concern ineffective assistance of appellate counsel. Closely related to McKnight's ineffective assistance of counsel claims are Ground 15, recusal of the original trial judge, and Ground 34, McKnight's right to a speedy trial. Finally, Ground 35 concerns the Mississippi Court of Appeal's harmless error analysis with respect to hearsay testimony.

The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right ... to have the Assistance of Counsel for his defense." This right to counsel "is the right to the effective assistance of counsel." <u>Strickland v. Washington</u>, 466 U.S. 668, 686 (1984)(quoting <u>McMann v. Richardson</u>, 397 U.S. 759, 771 (1970)). To show ineffective assistance of counsel, McKnight "must show that counsel's performance was deficient," which "requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Further, he must

show that the performance prejudiced his defense, which "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id. at 687. However, "[j]udicial scrutiny of counsel's performance must be highly deferential," and "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" Id. at 689 (quoting Michel v. Louisiana, 350 U.S. 91, 101 (1955)).

However, McKnight is challenging his counsel's performance in a habeas petition. The Fifth Circuit has stated:

> the test for federal habeas purposes is not whether [the petitioner made the showing required under Strickland]. Instead, the test is whether the state court's decision - that [the petitioner] did not make the Strickland showing - was contrary to, or an unreasonable application of, the standards, provided by the clearly established federal law (Strickland), for succeeding on his [ineffective assistance of counsel] claim.

Busby v. Dretke, 359 F.3d 708, 717 (5th Cir. 2004)(quoting Schaetzle v. Cockrell, 343 F.3d 440, 444 (5th Cir. 2003))(emphasis and alterations in original). "The question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard." Harrington v. Richter, 562 U.S. 86, 105 (2011).

McKnight first raises numerous issues concerning his trial counsel. These claims can be classified as relating to evidence

11

(Grounds 1, 2, 16, 17, 20, and 25), his right to a speedy trial (Grounds 5 and 34), counsel's failure to object (Grounds 6, 7, 8, 12, 18, 24, 26, 29, and 40), the withholding of discovery (Ground 11), the recusal of the trial judge (Grounds 14 and 15), jury instructions (Ground 21), witnesses (Ground 23), and promises made during opening statements (Ground 30). He then makes various claims concerning his appellate counsel's alleged misstatements of facts, failure to raise facts, and failure to raise issues on appeal (Grounds 13, 31, 33, 37, 39, and 40). Finally, he makes one argument concerning the Mississippi Court of Appeals' harmless error analysis (Ground 34).

McKnight alleges that his trial counsel was ineffective for failing to present "material, exculpatory, impeachment evidence, etc." (Grounds 1 and 2), particularly a video of the victim stealing prescription drugs (Ground 20) and evidence concerning the "root cause" of the murder (Ground 17). Essentially, McKnight alleges that co-defendant Alreco Hill and the victim were responsible for stealing prescription drugs, and that Hill committed the murder to cover up that crime. McKnight also alleges that there were discrepancies concerning the number of shots fired. He alleges that his counsel had this information and should have introduced it at trial. The Respondent argues that McKnight has not shown that this evidence was admissible, his allegations are merely conclusory, and determining what evidence to admit is a

matter of trial strategy.

It is clear from the record that McKnight's trial counsel questioned Hill about selling pills (ECF No. 11-4 at 89-92) and attempted to present an alternate theory of the crime. He also cross-examined witnesses concerning the number of shots fired (ECF No. 11-4 at 110-11). Ultimately, "a tactical decision not to pursue and present potential mitigating evidence on the grounds that it is double-edged in nature is objectively reasonable, and therefore does not amount to deficient performance." Lamb v. Johnson, 179 F.3d 352, 358 (5th Cir. 1999)(quoting Rector v. Johnson, 120 F.3d 551, 564 (5th Cir. 1997)). Particularly considering the double deference afforded to counsel's decisions in habeas cases, McKnight is not entitled to relief on Grounds 1, 2, 17, or 20.

McKnight also alleges that his counsel helped suppress evidence concerning the inducements offered to Hill in exchange for his testimony (Ground 16). However, the record reflects that the prosecution discussed Hill's plea agreement and McKnight's trial counsel cross-examined Hill about it (ECF No. 11-4 at 78-80, 90-91). McKnight's disagreement with trial counsel's strategy does not render the state court's decision an unreasonable application of clearly established federal law, as the jury was clearly made aware of Hill's plea. Therefore, Ground 16 does not warrant habeas relief.

McKnight's last evidentiary issue involves the unidentified evidence bag that was attached to introduced evidence (Ground 25). During direct examination of Greg Nester, a crime scene investigator with the Mississippi Bureau of Investigation, the prosecution asked him about a shell casing. He testified that the exhibit contained the shell casing, and the seal had not been tampered with. However, he also testified that "[t]here is some additional bag with paperwork attached to the back that is not mine." (ECF No. 11-5 at 54). McKnight alleges that his counsel should have demanded "a show and tell" of that bag. Counsel asked to voir dire the witness, but after the trial judge stated that the notation "with some additional paperwork" would be included, counsel merely reserved his right to cross-examination (ECF No. 11-5 at 55). At no point was the paperwork or any additional "mystery" evidence admitted. McKnight has not shown any potential prejudice from the evidence being admitted with the notation of "some additional paperwork," and trial counsel's strategic decision does not constitute ineffective assistance of counsel. Therefore, Ground 25 does not warrant habeas relief.

McKnight next alleges that he was denied effective assistance of counsel when counsel "sabotaged his right to a speedy trial" (Ground 5) and was denied due process when the trial court did not dismiss his case because of the speedy trial violation (Ground 34). McKnight alleges that he asserted his right to a speedy trial when

he met his first appointed counsel; however, it appears that this assertion was merely a discussion of the right with his counsel, not a declaration to the court.  After his first appointed counsel withdrew due to a conflict of interest, McKnight alleges that new counsel sabotaged his right to a speedy trial by initiating the recusal of the original trial judge and filing a motion to dismiss right before trial began.  He also alleges that his due process rights were violated when the trial court did not grant the motion to dismiss.

The Mississippi Court of Appeals addressed this issue and properly weighed the factors set out in <u>Barker v. Wingo</u>, 407 U.S. 514 (1972).  It concluded that the length of delay was sufficient to presume prejudice; however, it found that the main cause was the substitution of defense counsel, with a short portion caused by the first trial judge's recusal.  Because the prosecution was not responsible, the Mississippi Court of Appeals found that this factor weighed against McKnight.

The Appeals Court also found that the third factor, assertion of the right, weighed against McKnight since he did not assert his right until the motion to dismiss.  Furthermore, the Appeals Court concluded that the motion was not equivalent to a demand for a speedy trial.  Although McKnight argues that he informed counsel of his desire for a speedy trial early on, the "burden is 'on the defendant to alert the <u>government</u> of his grievances.'"  <u>Amos v.</u>

Thornton, 646 F.3d 199, 207 (5th Cir. 2011)(quoting Robinson v. Whitley, 2 F.3d 562, 569 (5th Cir. 1993))(emphasis added).

Finally, the Mississippi Court of Appeals found that McKnight did not suffer any prejudice from the delay and concluded that the fourth factor also weighed against McKnight. The Mississippi Court of Appeals' decision is not an unreasonable application of federal law. Because McKnight's speedy trial claim is without merit, he is foreclosed from raising an ineffective assistance of counsel claim regarding that right. Id. at 209-10. Therefore, McKnight is not entitled to habeas relief on Grounds 5 or 34.

Closely related to McKnight's claim concerning his right to a speedy trial is his allegation that he received ineffective assistance of counsel when trial counsel initiated the recusal of the original trial judge (Ground 14) and his claim that he was denied due process under the Fourteenth Amendment when the trial judge recused (Ground 15). The original trial judge recused pursuant to a circuit policy because he had signed a search warrant related to McKnight's case. McKnight alleges that after the recusal, the "evidence began to change, he was hurried into trial, denied the right to counsel of his choice with time to prepare for trial, [and] evidence of material, exculpatory, impeachment value was suppressed ...."

On direct appeal, the Mississippi Court of Appeals reviewed the judge's decision under an abuse of discretion standard and

found that McKnight was not prejudiced by his recusal.  McKnight,
187 So. 3d at 647.  Not all questions of recusal "involve
constitutional validity."  Tumey v. Ohio, 273 U.S. 510, 523 (1927).
McKnight's argument that the judge should not have recused does not
rise to the level of a constitutional violation, but even if it
did, the state court's decision was not an unreasonable application
of the law.  Because the judge did not violate McKnight's
constitutional rights when he recused, McKnight did not receive
ineffective assistance of counsel when counsel pointed out the
trial judge's prior involvement in the case.  Therefore, McKnight
is not entitled to relief on Grounds 14 or 15.

McKnight next alleges that he received ineffective assistance
of counsel when his trial counsel failed to object at various
stages of the proceedings.  He alleges that his counsel should have
objected to a "surprise" state witness (Ground 6) and should have
requested a continuance (Ground 40).  He also alleges that counsel
should have objected to the introduction of two witnesses as
McKnight's "blood relatives" (Ground 7), perjured testimony (Ground
12), inconsistent shell casing evidence (Ground 24), and the
testimony of Dr. Levaughn (Ground 29).  He then argues that counsel
should have objected to several statements of the prosecution
during closing (Grounds 8, 18, and 26).

First, McKnight argues in Ground 6 that his counsel informed
him approximately one week before trial that Terry Williams would

testify. He argues that counsel should have objected and requested a continuance. In Ground 40, McKnight argues that he received ineffective assistance when counsel did not request a continuance because of Williams. However, Williams appeared on the prosecution's witness list for one of the earlier trial settings (ECF No. 11-1 at 46). He was also listed on the witness list for the June 11, 2013 trial setting, which the state submitted on May 22, 2013 (ECF No. 11-1 at 49-50). Therefore, Williams was not a surprise witness, and there would be no grounds for such an objection or a continuance. The record also reflects that McKnight's counsel cross-examined Williams about a prior conversation they had (ECF No. 11-4 at 126-33). Because Williams was not a surprise witness, counsel had the opportunity to talk to him prior to trial, and counsel was prepared to cross-examine him. McKnight has not shown that he received ineffective assistance of counsel. Magistrate Judge Gargiulo finds that Grounds 6 and 40 are without merit.

In Ground 7, McKnight alleges that he received ineffective assistance of counsel because counsel did not object to the introduction of Terry and Bruce Williams as his uncles. He states that they were his stepfather's brothers. The record reflects that Bruce Williams stated he was McKnight's uncle (ECF No. 11-4 at 25). Terry Williams stated that McKnight was his nephew (ECF No. 11-4 at 118). Neither witness testified that he was an uncle by blood.

Because uncles are not necessarily related by blood and nothing in the record contradicted their testimony, an objection would have been meritless. Counsel cannot be ineffective for failing to raise a meritless issue. States v. Hall, 711 Fed. App'x 198, 201 (5th Cir. 2017)(citing United States v. Kimler, 167 F.3d 889, 893 (5th Cir. 1999)). McKnight is not entitled to habeas relief on Ground 7.

In Ground 12, McKnight argues that counsel was ineffective for failing to object to the allegedly false testimony of Hill, David Wells, Shannon Sullivan, and Katrina Harris. Respondent submits that counsel's failure to object was trial strategy, and Magistrate Judge Gargiulo agrees, as does this Court. The state court record reflects that McKnight's counsel diligently cross-examined these witnesses and attempted to reveal inconsistencies in their testimony (ECF Nos. 11-4 at 58-61, 81-94, 108-11 & 11-5 at 12-20). Ultimately, a "conscious and informed decision on trial tactics and strategy cannot be the basis of constitutionally ineffective assistance of counsel unless it is so ill chosen that it permeates the entire trial with obvious unfairness." Richards v. Quarterman, 566 F.3d 553, 564 (5th Cir. 2009)(quoting Virgil v. Dretke, 446 F.3d 598, 608 (5th Cir. 2006)). Particularly when considering the deference afforded to state court decisions on issues of ineffective assistance of counsel, McKnight is not entitled to relief on Ground 12.

McKnight's claim for relief in Ground 24 must fail for the same reasons. He argues that Greg Nester testified that the shell casings at the crime scene and in McKnight's vehicle were different. He argues that counsel should have objected instead of waiting "until closing argument to make casual mention of the inconsistent evidence." (McKnight's Petition for Writ of Habeas Corpus, ECF No. 1-1 at 36-38; Amended Petition, ECF No. 5 at 66-68). The record indicates that counsel cross-examined Nester about the different shell casings (ECF No. 11-5 at 61-64) and then made direct reference to the different shell casings during closing (ECF No. 11-6 at 34). Counsel did not ignore the inconsistency; he chose to cross-examine the witness about it and argue the inconsistency in closing. This is the type of strategy that cannot be the basis of an ineffective assistance claim. Therefore, Ground 24 is without merit.

McKnight also alleges that he received ineffective assistance of counsel when his counsel did not object to the "assumed expert testimony" of Dr. Levaughn, particularly an allegedly photoshopped picture and a "bogus" autopsy report. The prosecution called Dr. Levaughn as a witness, and he testified that he had worked as a pathologist for twenty-nine or thirty years, had completed medical school, including a residency in pathology, was certified and licensed, and had testified as an expert about once a month for the past twenty-nine or thirty years. Thereafter, he was admitted as

an expert without any objection from the defense (ECF No. 11-5 at 374-75). Although McKnight references the "assumed expert testimony," it does not appear that he takes issue with Dr. Levaughn's qualifications.

Instead, he argues that Dr. Levaughn should not have been permitted to testify about his corrected autopsy report or a particular photograph. As for the photograph, McKnight has provided no arguments or evidence about what part was photoshopped, thus this is a conclusory allegation, which fails to "raise a constitutional issue in a federal habeas proceeding." Miller v. Johnson, 200 F.3d 274, 282 (5th Cir. 2000)(citing Ross v. Estelle, 694 F.2d 1008, 1012 (5th Cir. 1983)). As for the autopsy report, Dr. Levaughn testified that when reviewing for the trial, he realized he had made a typographical error and had depicted a gunshot wound on the incorrect shoulder (ECF No. 11-5 at 79). Both the original and corrected reports were admitted into evidence. On cross-examination, counsel questioned Dr. Levaughn about the differences between the reports and discrepancies between the reports and a photograph (ECF No. 11-5 at 87-89). However, Dr. Levaughn unequivocally testified that the cause of death did not change (ECF No. 11-5 at 89). Such questioning by counsel was a strategic decision, which does not provide a basis for habeas relief. Furthermore, as the cause of death did not change, McKnight has failed to demonstrate any prejudice from his counsel's

allegedly deficient performance. Therefore, Ground 29 is without merit.

McKnight also alleges that his counsel was ineffective for failing to object to several of the prosecution's statements during closing, including statements that held McKnight to "answer" for other crimes (Ground 8), statements "vouching" for a state witness (Ground 18), and statements containing allegedly "well known false misleading information." Under Mississippi law, "[a]ttorneys on both sides are generally afforded broad latitude during closing arguments." Moffett v. State, 137 So. 3d 247, 269 (Miss. 2014) (citing Wright v. State, 958 So. 2d 158, 161 (Miss. 2007)). As long as the prosecution's arguments were related to the evidence and the issues involved, McKnight's counsel would not have had grounds to make an objection. Id. (quoting Brewer v. State, 704 So. 2d 70, 72 (Miss. 1997)).

McKnight first argues that his counsel should have objected to the prosecution's statement that McKnight fled to a different state after the crime and stalked the victim. The "stalking" referred to in closing was that McKnight shot at the victim from the car and then chased him into the woods (ECF No. 11-6 at 21). This argument was supported by the trial testimony. The prosecution also stated during closing that Hill testified the last time he spoke to McKnight, McKnight had said he was on his way to Oklahoma and may go to California (ECF No. 11-6 at 30, 32). That testimony is also

supported by the record, and counsel's objection would have been meritless. Furthermore, McKnight was never "held to answer" for fleeing arrest or stalking, as he was never indicted or faced a trial on those charges. Therefore, McKnight is not entitled to habeas relief on Ground 8.

In Ground 18, McKnight argues that his counsel should have objected to the state "vouching" for Hill. He argues that the prosecution wanted the jury to believe that Hill voluntarily turned himself in two days after the murder. In closing, the prosecution did not state that Hill turned himself in two days later, but the testimony does support that Hill voluntarily turned himself in and gave various statements to the police. Given the wide latitude state law affords attorneys during closing, and given the deference afforded to state court determinations of ineffective assistance of counsel, McKnight is not entitled to relief on Ground 18.

For the same reasons, McKnight's claim for relief in Ground 26 also fails. He argues that counsel should have objected to the prosecution's summation of the evidence, particularly with regards to the relationship between Hill, McKnight's son, and the victim, as well as the testimony offered by Bruce Williams and Harris. McKnight's argument is simply not an accurate reflection of the record. The state was allowed to summarize the evidence in closing arguments, and they did not misstate the evidence. For example, McKnight takes issue with the prosecution's statement in closing

that the victim saw Harris after church (ECF Nos. 5 at 74 & 11-6 at 23).  However, Harris testified that the victim asked to borrow money from her after he left church (ECF No. 11-4 at 55).  McKnight's counsel was not ineffective for failing to object to the state's summation of the evidence when the summation did not go outside the record.  Therefore, Ground 26 is also without merit.

In McKnight's next claim for ineffective assistance of counsel, he alleges that counsel "prejudicially and maliciously withheld requested discovery from him pretrial, from the trial court and the jury during trial, and from Mr. McKnight's appellate counsel post trial."  (ECF No. 1-1).  Magistrate Judge Gargiulo finds that although McKnight repeatedly argues that there is exculpatory evidence that he now has or now seeks, he has presented nothing to show that he has been denied such evidence, either by his counsel or by the prosecution.  McKnight's sweeping statements (ECF Nos. 5 & 21-2) do not warrant habeas relief.  Additionally, McKnight stated on the record that he "got the discovery papers" (ECF No. 11-3 at 75).  His counsel also stated that he had shared all the evidence with McKnight (ECF Nos. 11-3 at 77 & 11-6 at 94).

The trial court found that "all discovery has been provided to the defendant through his attorneys of record in an appropriate and timely manner and there has been no allegation to the contrary" (ECF No. 11-6 at 97).  The Mississippi Supreme Court had the opportunity to review McKnight's claim of ineffective assistance of

counsel as it relates to discovery matters. In light of the record, particularly the finding that discovery was produced, the Mississippi Supreme Court's decision is not an unreasonable application of the law. McKnight is not entitled to habeas relief on Ground 11.

In Ground 21, McKnight argues that his counsel was ineffective for failing "to pursue a cautionary accomplice testimony instruction and corroboration instruction." However, his counsel argued that an accomplice instruction should have been given (ECF No. 11-6 at 406), and therefore this portion of McKnight's argument is without merit. McKnight does not present any argument concerning the type of "corroboration" instruction counsel should have requested; he merely argues that co-defendant Hill's trial testimony was uncorroborated. However, the trial judge found that Hill's testimony was corroborated, citing that as an additional reason to deny the accomplice instruction (ECF No. 11-6 at 408). Furthermore, McKnight has failed to show that a deficiency in the jury instruction caused prejudice. Therefore, the state court decision that counsel was not ineffective with respect to the requested jury instructions is not unreasonable. McKnight is not entitled to habeas relief on Ground 21.

McKnight argues in Ground 23 that trial counsel should have investigated and procured various witnesses for his defense. However, "[c]omplaints of uncalled witnesses are not favored in federal habeas corpus review because allegations of what a witness

would have testified are largely speculative." United States v. Fields, 761 F.3d 443, 461 (5th Cir. 2014)(quoting Sayre v. Anderson, 238 F.3d 631, 635-36 (5th Cir. 2001))(alteration in original). To prevail on a claim of ineffective assistance of counsel for failure to call certain witnesses, McKnight "must name the witness, demonstrate that the witness was available to testify and would have done so, set out the content of the witness's proposed testimony, and show that the testimony would have been favorable to a particular defense." Id. (quoting Day v. Quarterman, 566 F.3d 527, 538 (5th Cir. 2009)). Although McKnight names several potential witnesses and sets out potential testimony that may have been favorable, he has not shown that any of the witnesses were available or would have testified (ECF No. 21-2 at 150-57). In fact, McKnight even refers to these prospective witnesses as "potentially available" (ECF No. 21-2 at 161). Therefore, McKnight is not entitled to habeas relief on Ground 23.

McKnight makes his final argument concerning the ineffective assistance of his trial counsel in Ground 30. He alleges that counsel was ineffective for failing "to fulfill promises made to the jury in opening statements." Essentially, he uses this ground to re-argue his allegations that counsel should have presented various pieces of evidence or made objections to various state witnesses. Magistrate Judge Gargiulo determined that McKnight is not entitled to habeas relief on those grounds. Further, counsel's

opening statement "emphasized [McKnight's] most critical defense theory," and it was a reasonable theory of defense. See Castillo v. Stephens, 640 Fed. App'x 283, 292 (5th Cir. 2016). The mere fact that counsel was not successful in convincing the jury of this theory does not make counsel ineffective. See Strickland, 466 U.S. at 689. McKnight is not entitled to habeas relief on Ground 30.

McKnight also alleges that he received ineffective assistance of counsel on appeal. He argues that appellate counsel misstated various facts to the Mississippi Court of Appeals (Ground 13) and erred in failing to raise several issues before the Court of Appeals, namely: whether trial counsel was ineffective for failing to fulfill the promises made in opening statements (Ground 31); whether McKnight was denied due process when the state introduced allegedly perjured testimony (Ground 33); whether McKnight was denied the right to confront witnesses against him due to inadmissible hearsay (Ground 37); whether trial counsel colluded with a detective (Ground 39); and whether trial counsel was ineffective for not requesting a continuance after learning of a surprise state witness (Ground 41).

First, McKnight argues that appellate counsel was ineffective for failing to investigate the "true facts" of the case and for misstating the facts in the appellate brief. In his reply, McKnight alleges various "misstatements" of appellate counsel, arguing that appellate counsel stated the first assigned trial

judge signed a warrant for McKnight's cell phone records when he instead signed a record for Hill's phone records (ECF No. 21-2 at 141). However, because the judges in that district agreed that when one judge signed warrants in a case, the other judge would preside over the trial, and because McKnight was not prejudiced by the first judge's recusal (Ground 15), this misstatement did not prejudice McKnight.

The other misstatements concern when Bruce Williams saw a gun, Mary Marsalis's relationship with McKnight and when she saw McKnight, whether Terry Williams was driving or walking down the street at the time of the incident, and the scope of Detective Sullivan's testimony (ECF No. 21-2 at 142-46). McKnight fails to allege how he was prejudiced by these misstatements. Furthermore, the statements involve either minor, collateral issues or they involve differing perceptions of the record, instead of actual misstatements. Therefore, the state court decision that McKnight was not denied effective assistance on appeal is not unreasonable, and McKnight is not entitled to habeas relief on Ground 13.

With respect to McKnight's allegations that appellate counsel should have raised particular issues, appellate counsel is not required "to raise every 'colorable' claim suggested by a client." Jones v. Barnes, 463 U.S. 745, 754 (1983). Furthermore, when the alleged trial error did not result in prejudice, an individual will not be prejudiced by an alleged appellate error on the same issue.

Amador v. Quarterman, 458 F.3d 397, 411 (5th Cir. 2006)(quoting Mayabb v. Johnson, 168 F.3d 863, 869 (5th Cir. 1999)). In this case, however, McKnight's appellate counsel did raise the issue of inadmissible hearsay (ECF No. 11-10 at 92-93). Therefore, Ground 37 is clearly without merit. Grounds 31 and 41 relate to issues McKnight also raised in this petition with respect to his trial counsel (Grounds 30 and 40). The state court's determination that McKnight did not receive ineffective assistance of counsel at trial on these issues was not unreasonable; therefore, the determination that he did not receive ineffective assistance of counsel on appeal due to appellate counsel's failure to raise trail counsel's performance cannot be unreasonable. McKnight is not entitled to habeas relief on Grounds 31 or 41.

In Ground 33, McKnight argues that appellate counsel should have argued that the state "suborned perjury and used perjured testimony to obtain convictions." Magistrate Judge Gargiulo found that McKnight does not reference any specific instance of perjury with respect to this Ground, and the record does not reflect any obvious instances of perjury. Therefore, McKnight's argument is nothing more than a conclusory allegation, and Ground 33 does not provide a basis for federal habeas relief. See Miller, 200 F.3d at 282 (citing Ross, 694 F.2d at 1012).

McKnight's final argument with respect to his appellate counsel is that counsel should have argued that his trial counsel

worked in concert with Sullivan to create "a false impression of the facts." In McKnight's Amended Petition (ECF No. 5), he merely refers the Court to Ground 38 for the supporting facts. McKnight did not include Ground 38 in his Amended Petition. However, it is clear from McKnight's reply (ECF No. 21-2 at 191-99) that Ground 38 would have been another ineffective assistance of trial counsel claim. Therefore, Ground 39 fails for the same reasons as Grounds 31 and 41. Furthermore, McKnight's allegations that his trial counsel colluded with Sullivan to improperly aid the state is belied by trial counsel's cross-examination (ECF No. 11-5 at 311-19). McKnight is not entitled to relief on Ground 39.

In Ground 35, McKnight's final ground for relief, he argues that he "was denied due process under the Fourteenth Amendment to the United States Constitution when the Court of Appeals ruled the hearsay testimony of state[']s witness Katrina Harris [w]as harmless error." He argues that this testimony influenced the jury verdict and could not be harmless (ECF No. 21-2 at 172).[1] Harris testified at trial that the victim told her that if something happened to him, McKnight did it. The trial judge allowed the testimony pursuant to Mississippi Rule of Evidence 803(3), the hearsay exception for then existing state of mind. The Mississippi

---

[1] Magistrate Judge Gargiulo finds that the arguments in McKnight's Reply concerning perjury, objections counsel should have made, and discovery (ECF No. 21-2 at 167-89) should be disregarded, since it has already been determined that those issues are without merit.

Court of Appeals disagreed, holding that it was inadmissible hearsay. However, it concluded that the admission was harmless error in light of the other evidence supporting the verdict. McKnight, 187 So.3d at 650-51.

Generally, "[a] state court's evidentiary rulings present cognizable habeas claims only if they run afoul of a specific constitutional right or render the petitioner's trial fundamentally unfair," which occurs when the trial "has been 'largely robbed of dignity due a rational process.'" Allen v. Vannoy, 659 Fed. App'x 792, 800 (5th Cir. 2016)(quoting Gonzales v. Thaler, 643 F.3d 425, 430 (5th Cir. 2011)); Johnson v. Puckett, 176 F.3d 809, 820 (5th Cir. 1999). In addition, even if a state court "erred in concluding that the State's errors were harmless, ... habeas relief is appropriate only if the [state court] applied harmless-error review in an 'objectively unreasonable' manner." Mitchell v. Esparza, 540 U.S. 12, 18 (2003)(quoting Lockyer v. Andrade, 538 U.S. 63, 75-77 (2003)).

Although McKnight argues that the hearsay rendered the trial fundamentally unfair, the Mississippi Court of Appeals cited numerous pieces of evidence that supported the conviction. In his Report and Recommendation, Magistrate Judge Gargiulo finds that there was sufficient admissible evidence to support the jury verdict, and this Court agrees. See McKnight, 187 So. 3d at 651. Therefore, the Mississippi Court of Appeals' determination that the

31

admission of the hearsay statement was harmless error is not an unreasonable application of federal law. McKnight is not entitled to relief on Ground 35.

On March 7, 2019, McKnight filed a Motion to Alter or Amend Judgment (docket entry 26). However, there was no "Judgment" to alter or amend. Instead, McKnight states that he is moving to alter or amend Magistrate Judge Gargiulo's Order Denying Motion for Discovery of February 11, 2019 (docket entry 23).

McKnight had filed a "Motion for Leave to Invoke Discovery" on August 7, 2018 (docket entry 17), requesting that the Court order the production of discovery, which McKnight stated was in relation to:

> the State's failure to correct well known perjured testimony of it's witnesses which created a false impression of the facts, introduction of well known fraudulent evidence for admission as State's exhibits, collusion with other officers of the court to suppress evidence, ineffective assistance of counsel, and discovery violations under Ms. Rule 9.04 and the rule of Brady.

(Docket entry 17, p.1). The Respondent, Warden Ladner, filed a timely Response in Opposition to the Petitioner's Motion (docket entry 28), explaining that McKnight was attempting to conduct a "fishing expedition" to gather information to support either: (1) claims which were barred on post-conviction review and would, therefore, be barred on federal review since they rested on adequate and independent state law procedural grounds, or (2) claims heard on the merits by seeking to present additional

evidentiary support not presented to the state courts. <u>See</u> <u>Woodward v. Epps</u>, 380 F.Supp.2d 788, 793 (S.D. Miss. 2005); <u>see</u> <u>also</u> docket entry 19 (Respondent's Response to Petitioner's "Motion for Leave to Invoke Discovery").

In addition, McKnight admitted in his pleading that he received the discovery file from counsel (docket entries 17 and 27). Such information would have been provided by the State through pretrial discovery, and the record reflects that counsel reviewed all discovery with McKnight prior to trial. SCR, Vol.6, pp. 492-93, 496 (docket entry 11). The Respondent argued that McKnight's request to invoke discovery was clearly unnecessary for resolution of the issues in the instant federal habeas action.

In his well-reasoned and thorough Order of February 11, 2019 (docket entry 23), Magistrate Judge Gargiulo found that, pursuant to Rule 6, McKnight had failed to show the good cause necessary to warrant discovery in this case. As the Magistrate Judge correctly explained, "the question is not whether or when petitioner should have received evidence during state court proceedings. The question is whether, considering the deference afforded to state court decisions on federal habeas review, a petitioner is entitled to discovery on his petition." <u>Id</u>., p. 2. Thereafter, the Magistrate Judge discussed the evidence which McKnight sought to discover and explained why McKnight was not entitled to the discovery requested. <u>Id</u>. Magistrate Judge Gargiulo properly

denied McKnight's request for discovery, and issued a well-reasoned Report and Recommendation finding that McKnight is not entitled to relief based on the claims in his federal habeas petition. Docket entry 24.

In docket entry 27, McKnight seeks reconsideration of the Report and Recommendation (docket entry 24) entered by the Magistrate Judge on February 11, 2019. The Respondent timely filed a Response in Opposition (docket entry 29), in which he agrees with the findings of fact and conclusions of law made by the Magistrate Judge. Respondent also contends that McKnight was not denied effective assistance of counsel on his first appeal of right in an attempt to overcome the procedural bar imposed as to certain of his claims.

With regard to any claims of ineffective assistance of trial counsel that McKnight contends should have been raised on direct appeal, such claims were appropriately later raised by McKnight in his application for leave to seek post-conviction relief and were found to be without merit. Therefore, McKnight cannot show that he was prejudiced by his appellate counsel's performance.

In addition, regarding McKnight's contention that his appellate counsel should have raised additional issues that were held to be procedurally barred from review by this Court, Magistrate Judge Gargiulo correctly found that McKnight failed to show cause and prejudice, as well as failed to show a fundamental

miscarriage of justice sufficient to overcome the bar.  Docket
entry 24, pp. 12-13.  Also, it is questionable whether McKnight
properly raised a claim of ineffective assistance for failing to
raise the issues in Grounds 3, 9 and 10 in the state court to
preserve a claim of ineffective assistance of counsel as a possible
basis for cause.[2]

However, even assuming that McKnight's claims of ineffective
assistance of counsel raised in the state court encompassed the
failure to pursue those claims, all of the claims of ineffective
assistance of counsel raised by McKnight in his application for
leave to seek post-conviction relief in the state court were deemed
to be without merit.  As discussed by Respondent in his Answer, and
as found by the Magistrate Judge in his Report and Recommendation,
the state's highest court found that McKnight's trial and appellate
counsel were constitutionally effective.[3]  Accordingly, Respondent
submits that the Magistrate Judge was correct in finding that
McKnight could not establish ineffective assistance of counsel as

_____

[2] In order to argue ineffective assistance of counsel as cause to
overstep the procedural bar, McKnight would have had to raise and
exhaust, in his petition for post-conviction relief, an independent
claim of ineffective assistance of appellate counsel for failure to
raise the claims in Grounds 3, 9 and 10.  See Edwards v. Carpenter,
529 U.S. 446, 452 (2000); see also Murray v. Carrier, 477 U.S. at 488-
89.

[3] As discussed in Respondent's Answer, and found by Magistrate
Judge Gargiulo, McKnight failed to show that the state court's
decision finding McKnight's claims of ineffective assistance of trial
and appellate court to be without merit was neither contrary to, nor
an unreasonable application of, clearly established federal law.

cause to overstep the procedural bar with regard to the claims discussed.

Moreover, as discussed in Respondent's Answer, appellate counsel raised 17 issues on direct appeal for the state court's review and clearly chose the issues that counsel, in his expertise, determined to be the best issues for appellate review. A review of the state court record reveals that McKnight cannot show that he was deprived of effective assistance of counsel in his trial or his first appeal of right. Moreover, McKnight fails to establish any basis in his objections to overturn Magistrate Judge Gargiulo's findings that McKnight is not entitled to federal habeas relief on the claims in his petition. As the Magistrate Judge correctly found, upon a review of the state court's findings as to the grounds raised in McKnight's petition, the state court's determination that McKnight was not entitled to relief did not "result[] in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." See 28 U.S.C. § 2254(d)(1); see also Gachot v. Stalder, 298 F.3d 414, 421 (5th Cir. 2002).

Following the entry of the Report and Recommendation, McKnight filed a Motion to Alter or Amend Judgment **(docket entry 26)** and a Motion Objecting to Magistrate Judge's Report and Recommendation **(docket entry 27).** Respondent Ladner filed a Response in

Opposition to Petitioner's Motion to Alter or Amend (docket entry 28) and a Response to the Petitioner's Objections to the Report and Recommendation (docket entry 29). Finally, McKnight filed his Reply to Respondents' Response to Petitioner's Objections to Report and Recommendation on March 27, 2019 (docket entry 30).

Having carefully considered the arguments of Petitioner and Respondent, as well as the law applicable to this case, the Court finds that the Report and Recommendation of Magistrate Judge Gargiulo shall be adopted as the findings and conclusions of this Court. The Court further finds that McKnight's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus (docket entry 1) and Amended Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus (docket entry 5) shall be denied and this case dismissed.

## CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability" ("COA"). Although McKnight has not yet filed a notice of appeal, the Court nonetheless addresses whether he is entitled to a COA. See Alexander v. Johnson, 211 F.3d 895, 898 (2000)("It is perfectly lawful for district court[s] to deny COA sua sponte."). A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This

requires an overview of the claims in the habeas petition and a general assessment of the claims' merits. <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 326 (2003). The ultimate question is whether reasonable jurists would find the district court's assessment of the constitutional claims debatable. <u>Id.</u>; see <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000). To prevail on an application for a COA, McKnight must make a "substantial showing of the denial of a constitutional right, a demonstration that ... includes showing that reasonable jurists could debate whether ... the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." <u>United States v. Jones</u>, 287 F.3d 325, 329 (5th Cir. 2002)(internal citations and quotations omitted). McKnight has not made such a showing. After considering the entire record, the Court concludes that jurists of reason would not debate whether McKnight stated a valid claim for relief or whether a procedural ruling in this case is correct.

ACCORDINGLY, IT IS HEREBY ORDERED that Magistrate Judge Gargiulo's Report and Recommendation **(docket entry 24)** is ADOPTED as the findings and conclusions of this Court;

FURTHER ORDERED that Petitioner James Douglas McKnight's Motion Objecting to the Magistrate Judge's Report and Recommendation (**docket entry 27**) is OVERRULED;

FURTHER ORDERED that Petitioner McKnight's Motion to Alter or

Amend Judgment **(docket entry 26)** is DENIED;

FURTHER ORDERED that McKnight's Petition for Writ of Habeas Corpus **(docket entry 1)** and Amended Petition for Writ of Habeas Corpus **(docket entry 5)** are DISMISSED WITH PREJUDICE.

A FINAL JUDGMENT dismissing this case with prejudice shall be entered of even date herewith.

SO ORDERED, this the 2nd day of April, 2019.

/s/ David Bramlette

UNITED STATES DISTRICT JUDGE