IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

JAMES DOUGLAS McKNIGHT, #38913                               PETITIONER

VERSUS                          CIVIL ACTION NO. 5:17-cv-118(DCB)(JCG)

WARDEN BRIAN LADNER                                          RESPONDENT

MEMORANDUM OPINION AND ORDER

This cause is before the Court on the Petitioner James Douglas McKnight (McKnight")'s Motion for Extension of Time to File Notice of Appeal **(docket entry 34)**, Motion to Proceed in Forma Pauperis **(docket entry 38)**, and Motion for Certificate of Appealability **(docket entry 39)**.

Having carefully considered the Petitioner's motions and the Respondent's Response in Opposition to the Petitioner's Motion for Time to File Notice of Appeal (docket entry 40), the Court finds as follows:

Petitioner McKnight filed his federal habeas petition in this cause on September 5, 2017 (docket entry 1). Pursuant to this Court's Order to Answer filed October 11, 2017 (docket entry 6), as well as two extensions requested and granted to the Respondent, counsel for the Respondent timely filed an Answer to the petition on March 9, 2018, addressing the forty-one (41) claims raised therein (docket entry 10). Magistrate Judge John C. Gargiulo issued his Report and Recommendation on February 11, 2019 (docket entry 24).

On April 2, 2019, this Court entered an Order Adopting Report and Recommendation and a separate Final Judgment dismissing McKnight's federal habeas petition with prejudice (docket entries 31 and 32). McKnight has now filed a motion for time to file a notice of appeal (docket entry 34)[1], and this Court deferred ruling on the motion and ordered Respondent to file a response by June 14, 2019 (docket entry 36).

As noted above, this Court entered its Final Judgment dismissing McKnight's petition on April 2, 2019 (docket entries 31 and 32). The Federal Rules of Appellate Procedure provide that a notice of appeal must be filed within "30 days after entry of the judgment." Fed.R.App.P. 4(a)(1). McKnight did not file a notice of appeal within the time frame allotted by Rule 4. However, on May 8, 2019, McKnight filed a motion requesting an extension of time to file a notice of appeal because his "access to the prison law library is limited to once per week," and he contends that the extension is necessary to "thoroughly research applicable case law ...." (docket entry 34).

With respect to a motion for extension of time, Federal Rule of Appellate Procedure 4(a)(5)(A) provides as follows:

> (A) The district court may extend the time to file a notice of appeal if:

---

[1] On June 12, 2019, McKnight filed a Notice of Appeal, a Motion to Proceed In Forma Pauperis, and a Motion for Certificate of Appealability with this Court. See docket entries 37, 38 and 39.

> (i) a party so moves no later than 30 days after the time prescribed by this Rule(4)(a) expires; and
>
> (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

Fed.R.App.P. 4(a)(5)(A).

In this case, McKnight's notice of appeal was due in this Court on or before May 2, 2019 (thirty days after entry of this Court's Order and Final Judgment dismissing McKnight's claims). McKnight has satisfied subsection (i) because he filed his motion for an extension of time within thirty (30) days of the expiration of the deadline. Thus, the issue before this Court is whether McKnight has shown either excusable neglect or good cause, which would permit this Court to extend the time for filing an appeal under this Rule. The Respondent urges the Court to find that McKnight has failed to do so.

The Advisory Committee Notes for the 2002 Amendments to Rule 4 explain that "excusable neglect" and "good cause" are distinctly different standards:

> The excusable neglect standard applies in situations in which there is fault; in such situations, the need for an extension is usually occasioned by something within the control of the movant. The good cause standard applies in situations in which there is no fault – excusable or otherwise. In such situations, the need for an extension is usually occasioned by something that is not within the control of the movant.

Advisory Committee Notes to Fed.R.App.P. 4, Subdivision (a) (5) (A) (ii), 2002 Amendments.

The United States Supreme Court has interpreted the term "excusable neglect" to allow courts "where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control." Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 388 (1993).[2] When evaluating excusable neglect under Rule 4(a)(5), the Fifth Circuit relies on the following standard set forth by the United States Supreme Court:

> The determination is at bottom an equitable one, taking into account all of the relevant circumstances surrounding the party's omission. These include ... the danger of prejudice ..., the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

Stotter v. Univ. of Tex. at San Antonio, 508 F.3d 812, 820 (5th Cir. 2007)(quoting Pioneer, 507 U.S. at 395). "The ordinary meaning of 'neglect' is to give little attention or respect' to a matter, or, closer to the point for our purposes, 'to leave undone or unattended to especially through carelessness." Pioneer, 507 U.S. at 388 (quoting Webster's Ninth New Collegiate Dictionary 791 (1983)(brackets omitted). The United States Supreme Court has

---

[2] Although Pioneer, supra, involved Bankruptcy Rule 9006(b)(1), the United States Supreme Court drew on a number of legal provisions containing the "excusable neglect" standard. See id. at 392-94. The Fifth Circuit imported Pioneer's analysis of "excusable neglect" into non-bankruptcy contexts, including Rule 4(a). See Midwest Employers Cas. Co. v. Williams, 161 F.3d 877, 880 n.6 (5th Cir. 1998); see also Halicki v. Louisiana Casino Cruises, Inc., 151 F.3d 465, 468 (5th Cir. 1998).

4

further instructed that a misinterpretation of unambiguous procedural rules usually goes against finding excusable neglect. See Pioneer, 507 U.S. at 392.

In Tuesno v. Jackson, 5:08-cv-302(DCB)(JMR), 2013 WL 685928, at *2 (S.D. Miss. Feb. 25, 2013), this Court recognized that the most important of the Pioneer factors is the "reason for the delay, including whether it was within the reasonable control of the movant. Id., citing Lowry v. McDonnell Douglas Corp., 211 F.3d 457, 463 (8th Cir. 2000)).

The good cause standard, on the other hand, is applicable "in situations in which there is no fault – excusable or otherwise." Advisory Committee Notes to Fed.R.App.P. 4, Subdivision (a)(5)(A)(ii), 2002 Amendments. In those situations, an extension of time is necessary because of something that was entirely beyond the control of the moving party, such as where "the Postal Service fails to deliver a notice of appeal." Id.

This Court has also recognized that "[f]iling a notice of appeal is an easy task." See Tuesno, 2013 WL 685928, at *4. In fact, "[t]he Rule 3(c) Notice of Appeal is perhaps the simplest instrument known to federal procedure, and Rule 3© is simple and explicit, and easily complied with" and does not require assistance from legal services or attorneys, as a simple letter stating an intent to appeal is sufficient. Id. (citing Haney v. Mizell Mem. Hosp., 744 F.2d 1467, 1473 n.5 (11th Cir. 1984)(internal quotations

5

omitted)).

McKnight has failed to show how his weekly access to the law library impeded his ability to timely file a notice of appeal. Therefore, the Petitioner has clearly failed to state a basis upon which this Court can properly extend the time for filing an appeal under Rule 4 of the Federal Rules of Appellate Procedure because he cannot show the required excusable neglect or good cause. See Fed.R.App.P. 4(a)(5)(A). Accordingly, for the reasons stated, the Court finds that the Respondent has established that the Petitioner's motion for time to file an appeal in the above-captioned cause should be denied.

Accordingly,

IT IS HEREBY ORDERED AND ADJUDGED that Petitioner James Douglas McKnight's Motion for Extension of Time to File Notice of Appeal **(docket entry 34)**, Motion to Proceed in Forma Pauperis **(docket entry 38)**, and Motion for Certificate of Appealability **(docket entry 39)** are DENIED.

SO ORDERED AND ADJUDGED, this the 24th day of June, 2019.

<u>David C. Bramlette</u>
UNITED STATES DISTRICT JUDGE